Johnny Esquivel #1093699
Name and Inmate Booking Number

Lovelock Correctional Center
Place of Confinement

1200 Prison Road
Mailing Address

Lovelock, NV 89419
City, State, Zip Code

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

Johnny A. Esquivel,
                    Plaintiff

vs.

(1) Kenneth Williams,
(2) Erin Parks,
(3) D. Huttenschmidt,
(4) Dana Marks,
(5) John-Jane Doe 1-10,
                    Defendant(s).

Case No. _____
(To be supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT
BY AN INMATE**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

☒ Jury Trial Demanded

### A.    JURISDICTION

1)    This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
    ☐ Other: _____

2)    Institution/city where Plaintiff currently resides: Lovelock Correctional Center, Lovelock

3)    Institution/city where violation(s) occurred: Lovelock Correctional Center, Lovelock

## B.    DEFENDANTS

1.  Name of first Defendant: Kenneth Williams . The first Defendant is employed as:
Medical Director of N.D.O.C. at Nevada Department of Corrections.
(Position of Title)                          (Institution)

2.  Name of second Defendant: Erin Parks . The second Defendant is employed as:
Director of Nursing at Lovelock Correctional Center .
(Position of Title)                          (Institution)

3.  Name of third Defendant: D. Hultenschmidt . The third Defendant is employed as:
Medical Department staff at Lovelock Correctional Center.
(Position of Title)                          (Institution)

4.  Name of fourth Defendant: Dana Marks . The fourth Defendant is employed as:
Primary Care provider (Inst. Dr.) at Lovelock Correctional Center.
(Position of Title)                          (Institution)

5.  Name of fifth Defendant: Def. John/Jane Doe 1-10 . The fifth Defendant is employed as:
Medical Staff at L.C.C. at Lovelock Correctional Center .
(Position of Title)                          (Institution)

If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C.    NATURE OF THE CASE

Briefly state the background of your case.

Plaintiff Johnny Esquivel (hereinafter Plaintiff) is 40 years old and has been incarcerated in the Nevada Department of Corrections (henceforth N.D.O.C.) for the last 12 years. Plaintiff has a history of severe back and intestinal problems that started in 2019, at Lovelock Correctional Center (henceforth L.C.C.). These intestinal problems started off as lower back pain; to which has increased in severity of pain and symptoms over time. These symptoms Plaintiff consistently and periodically suffers from is

## Nature of the Case

painful cramps, bloating, stabbing pain, a growing mass in the abdomin, difficulty breathing, unusual and bloody stools. Along the way, the Plaintiff has developed a H. pylori bacteria infection - to which can be associated with ulcers.

Plaintiff's symptoms and severe pain has caused a decline in Plaintiff's life; by causing inconsistent sleep due to pain and discomfort, weight gain due to lack of mobility. Also anxiety and depression causing emotional distress. This is due to Plaintiff's never ending suffering.

Over the years some treatment has been provided to Plaintiff; consistence of time between waiting and actual treatment is far between. But no alleviation of finding of the actual cause for his symptoms has been found. Plaintiff has claimed to have a history of undocumented Ulcers and can be a link of possible causes of current condition.

Approximately on February 5, 2023, Plaintiff was made aware of trace amounts of blood in his stool by the Medical Department at L.C.C. Plaintiff was informed he would be seen by a Gastro intestinal (henceforth G.I. Specialist) Specialist.

Plaintiff was made aware that he was scheduled on 02/19/24 to see a G.I. specialist; but was canceled due to safety and security

2. A

because of Plaintiff knowing the date of
the appointment. To which the Plaintiff did not.
Plaintiff still has yet to be seen by a specialist
and is still suffering. The Defendants are
fully aware of Plaintiffs' condition and choose
to Deny/Delay medical care to Plaintiff for
his serious medical need.
    Plaintiff brings forth this complaint for
the violation of his 8th Constitutional right.
    Plaintiff files this complaint against
Defendant's in both their "official and
"Individual" capacity.

2B

## Statement of Facts

1) Plaintiff has a history of intestinal problems that started at L.C.C. This intestinal problem started to develope after a work related injury of the back. This was while the Plaintiff was working in the institutions culinary - approximately March of 2019.

2) The history of the progression of intestinal problems the Plaintiff has had to suffer, To which over the course of years; Plaintiff has made the Defendants of the Medical Department and other staff at L.C.C. fully aware of Plaintiff's progressive and severe, serious medical need.

3) The following is a brief history of plaintiffs' progression of intestinal problems to the present day of delay of medical care for a serious medical need.

4) On March 17, 2019 Plaintiff submitted a Medical Request (henceforth a medical kite) stating being seen by the Medical Department at L.C.C. on March 7, 2019. Reporting lower back injury and given I.B. profen and muscle rub. Plaintiff also expressed in the medical kite the he still is suffering from back pain. To which has caused Plaintiff to be unable to have a good nights rest.

5) Plaintiff was informed of being scheduled, but with no staff identifying signature of who responded to the medical kite.

2 C

6) On May 23, 2019 Plaintiff submitted a medical kite following up back pain due to a work related injury, to which caused Plaintiff "allot of pain. Again he requested to see a doctor.

7) Plaintiff received a response that he will be "scheduled" with no staff indentifying signature.

8) On July 2, 2019 Plaintiff submitted a medical kite requesting to see a Doctor as soon as possible. Stating Plaintiff is in "serious pain in the hip and back", Plaintiff requests X-ray and medication for the pain," as things are getting worse".

9) Plaintiff received a response that he will be "sceduled" with no staff identifying signature.

10) On November 3, 2019 Plaintiff submitted a medical kite to mental health department stating, "Plaintiff was dealing with depression and anxiety and wanted to speak with some-body".

11) Plaintiff was scheduled and seen.

12) Plaintiff has seen mental health multiple times throughout the years - this was due to his anxiety and depression. The mental health Professional (primarily a Dr. Caldwell-Barr) has concluded that his mental state is caused from his constant severe intestinal and back pain; a non-pychological condition. To which

2 P

causes Plaintiff a decline in his quality of
life. Throughout the years his symptoms have
continued to decline his way of life; by decreasing
productivity, socialization, mobility and excercise.
Continuing to cause depression and anxiety and
emotional distress.

13) On November 18, 2019 Plaintiff submitted a
medical kite requesting to see a Dr. Adamson
to go over the results of a Urine Analysis, (U.A)
blood work and x-ray done on November 9,
2019. On finding out the route of the problem.

14) Plaintiff receives another response concerning
the medical kite approximately December 12,
2019 (by date on medical kite) responded by a
Nurse Lisa. The response stated that the labs
and x-rays were normal.

15) On December 16, 2019 Plaintiff submitted a
medical request stating that even though the
tests and x-rays were normal. Plaintiff was
still in "serious pain" in the lower back and
right side of ribs/stomach. Plaintiff wanted to
inquire the Doctor about what step is next
in treating and discovering the root cause
of the pain.

16) Plaintiff received a response stating that,
"you will be scheduled" - with no staff
identifying signature.

17) Plaintiff's progression of symptoms has

2E

increased even further degrading his quality
of life by the severe pain and symptoms.
For on December 29, 2019 plaintiff submitted
a medical kite following up stating, "having
a hard time breathing, chest pain, hip and
back pain. Also stating the symptoms are
getting worse and wanting to see the
Doctor. For Plaintiff is in "serious pain" and
the I.B. profen does not help with the pain.

18) Plaintiff receives a response with a unidenti-
fiable signature stating that, "Plaintiff will
receive x-rays when the X-ray machine
is fixed."

19) During the year of 2019 Plaintiff remembers
being prescribed Prednisone steriods (multiple
times), and also I.B. profen - to which was
in-effective to deal with Plaintiffs severe
pain and symptoms.

20) On July 7, 2020 Plaintiff submits an Inmate
Request (henceforth a kite) to a "Garret," the
acting Warden at the time. Plaintiff was
looking for help, for he was going through
a "serious medical situation." Plaintiff believing
that he has Cancer or "something seriously
wrong with me," because of pain 24/7 and
a growing mass on the Upper Right Quadrant
(U.R.Q.) of the abdomen. Also stating that he
has not been diagnosed with any condition.

2F

With dates of showing up for Doctor
appointments on 3/16/20, 3/27/20, and 4/23/20
and not being seen by a doctor.

21) Plaintiff received a response from Garrett
asking "when was your last kite, the dates
were from months ago and we we now
have a Doctor on Tuesdays and Wednesdays.

22) On July 7, 2020 Plaintiff sent another kite
to Garrett in response to the last kite
Plaintiff sent to him. Plaintiff informed
Defendant that he wrote on 6/1/20 and
7/1/20 and has not heard back from medical.
Plaintiff states that "his condition is becoming
worse and believes it could easily be diagnosed
by an X-ray and/or a C.T. scan.

23) Plaintiff never received a response from
defendant Garrett; but a response stamped
by the medical department on July 5, 2020
and a response of "approved" but in the wrong
area. There was no staff identifying signature.

24) On January 10, 2021 Plaintiff sent a kite to
Garrett, asking for his assistance in the
matter again. Because of still having chest
pain, sharp pain in mid-section and rapid
heart burn. Attached with prior kites to
remind Defendant. Plaintiff was trying to
have Defendant help with the medical
department regarding Plaintiffs medical

problem; because of his 8th Amendment right being violated. for not being provided adequate medical care.

25) On April 29, 2021 Plaintiff was transported to Pershing County Hospital for an Ultrasound.

26) On May 2, 2021 Plaintiff sent a medical kite to request an appointment to go over the results of the Ultrasound with Dr. Marks. Also still waiting to be seen by the Doctor since the last medical kite.

27) Plaintiff received a response from Dr. Marks (Defendant) stating Ultrasound is normal. kidneys, pancreas, gall blader and liver were seen and all appear normal.

28) On November 11, 2021 Plaintiff had a medical appointment with Nursing. Plaintiff was seen by two Nurses-a Nurse Sarah and a Jane Doe. Plaintiff informed them of his history of undocumented Ulcer problem. Plaintiff requested Flomididin. They gave him a dose of Gerrylanta to see if it helped with the pain. To which it didn't. Plaintiff also tried requesting Anti-biotics to help aid the healing of the Ulcer and intestinal damage.

29) On November 21, 2021 Plaintiff submitted a medical kite informing what happened on November 11, 2021. Plaintiff did receive the Flomitidine to help aid the acid reflux and

2H

heart burn. But did not receive the Anti-
biotics to help aid in the healing of the
ulcers. Plaintiff was supposed to receive them
after the Doctors approval. Plaintiff requests
the Anti-biotics to be ordered for him.

30) Plaintiff received a response that "M.D. did
not approve" Anti-biotics by a Sarah (Defendant).

31) On February 6, 2022 Plaintiff submitted a
medical Kite requesting for an appointment to
be made to see the Doctor (refering to
Defendant Marks). Not a Nurse who is not
permitted to perscibe medication that Plaintiff
needs. Plaintiff is expressing that he still is
suffering from painful cramps, bloating/abdom-
inal swelling, chest pain, difficulty breathing
and "unusual stools." Also that Plaintiff has
been dealing with these symptoms for over
2 years.

32) The Plaintiffs' increasing symptoms to this
point has for the last 2 years caused a
decline in Plaintiffs quality of life. By
decreasing productivity, socialization, mobility
and excercise. Which has been caused by the
severe pain. Which has increased Plaintiffs
depression and anxiety. Furthering Plaintiffs
emotional distress.

33) Plaintiffs symptom of "unusual stools" has
increased over time frame. From starting off

2T

as a more intensified need of using the restroom and at times very uncomfortable. The stool itself can be described as at times watery (as diarhea) and at times black and tarry.

34) Plaintiff received another response from the kite sent on February 6, 2022 with a response by defendant Marks stating "I have seen you twice for these symptoms and we are continuing to monitor your condition."

35) On March 29, 2022 Plaintiff submitted a medical request stating that due to a diagnosis of H. pylori infection (otherwise known as Helicobacter pylori), Plaintiff has received a treatment of Anti-Biotics, But symptoms have partially subsided, and Plaintiff requests a slight change to treatment plan: A) Be placed on a Gluten free diet B) Be prescribed Gerilanta in order to counter-act the bloating, acid reflux and stomach cramping.

36) Plaintiff never received a response to the medical kite.

37) On June 27, 2022 Plaintiff submitted a medical kite, asking about the results of the H. pylori breath follow up test. This test was done on May 27, 2022, Plaintiff requests

2.T

to discuss the symptoms he was still suffering from with Defendant Marks. For there was still a mass growing in Plaintiffs R.U.Q. (otherwise known as Right Upper Quadrant, pressure, cramps, pain in the R.U.Q. to the R.L.Q.(Right Lower Quadrant), trouble breathing and unusual stools.

38) Plaintiff receives a response for the medical kite stating "your result is negative", with no staff identifying signature.

39) Plaintiff believes that his infection of H. pylori was a cause of Plaintiffs untreated and increasing symptoms of untreated ulcers. For Plaintiffs' symptoms increased even more. For H. pylori stated in 2019 current medical diagnosis of treatment (Fifty Third edition) on pg. 592; "H. pylori infection appears to be necessary co-factor for the majority of duodenal and gastric ulcers...." Along with "The prevalence of H. pylori infection in duodenal ulcer patients is 75-90%"

40) There also becomes the risk factor of developing future severe and deadly medical conditions such as intestinal cancer.

41) On July 15, 2022 Plaintiff submitted a medical kite for an appointment with Defendant Marks, and again to be placed on the gluten free diet. Also, even though

Plaintiff was treated for H. pylori, his symptoms still persisted. Plaintiff exresses he is still suffering from swelling, pain and cramps in L.U.Q. (otherwise known as Left upper quadrant) to R.U.Q., trouble breathing and unusual stools.

42) Plaintiff never received a response to the medical kite.

43) On September 7, 2022, Plaintiff submitted a medical kite referring to the kite prior and still have not heard back from medical. Asking what date and time will see the Doctor (Referring to Defendant Marks). Plaintiff again states he is suffering from swelling, pain and cramps in L.U.Q. to R.U.Q., trouble breathing and unusual stools. Bloating and pain also has now developed in the R.L.Q. to groin.

44) Plaintiff received a response stating, "Fowarded to Dr. Marks." There was a staff signature which is not legible.

45) Plaintiff received another response to the medical kite from September 7, 2022 stating "I have seen you several times for these complaints and symptoms with an extensive work up and multiple attempts of treating them and given that they are a chronic problem you will be seen again for them

21.

as soon as we are able"

46) On December 6, 2022 Plaintiff submitted a medical kite; asking about the results of the blood work and stool samples that Plaintiff turned in approximately two weeks prior to the kite.

47) Plaintiff never received a response to the medical kite.

48) On December 22, 2022 Plaintiff sent a medical kite regarding not receiving a response on the stool samples and blood work. Also, the need to see the Doctor to go over the results and disuss the treatment plan, and the next steps to be taken in order to diagnose Plaintiff's disorder. Again Plaintiff expresses "As my symptoms continue to cause me serious pain and discomfort."

49) Plaintiff never received a response to the medical kite.

50) On February 5, 2023 Plaintiff submitted a medical kite to defendant Parks informing her that the medical kites sent on 12/6/22 and 12/22/22 have not been responded to. Plaintiff informed Defendant of turning in stool samples and having blood work in November 2022, due to ongoing Chronic G.I. disorder. Plaintiff wants to see defendant Marks to go over the test results and disuss the treatment plan.

7 AA

51) Plaintiff states within the medical kite that he is still suffering from swelling, pain and cramps in L.U.Q. to R.U.Q., trouble breathing and unusual stools. At the end of the kite Plaintiff states "Please Help."

52) Plaintiff receives a response stating, "Blood test normal and stool test is positive for trace amounts of blood," along with "you will see a G.I. specialist." With no staff identifying signature.

53) On the same day of February 5, 2023 Plaintiff submited a kite to the Associate Warden of Operations (A.W.O) at the time-Lt. Collier. The request involved not having a response regarding Plaintiff's lab results and not being able to see Defendant Marks.

54) Plaintiff expresses in his kite that he is, "suffering from swelling, pain and cramps in his abdomen, trouble breathing and unusual stools for the last 3 years. Also, he has yet to be diagnosed and have not been seen by a specialist.

55) Plaintiff recieved a response from Defendant Parks stating, "All your labs were normal or negative. We don't call people to medical to discuss normal labs," Followed by—I will put you in for a Doctors appointment. We are behind with Doctors Appointments."

2 N

56) The Defendant Parks, did not mention the traces of blood in Plaintiff's stool and acted as if he did not have something clearly wrong with him.

57) Plaintiff has been suffering from a history of Chronic G.I. pain; to which he has been unable to be properly treated at L.C.C. by medical staff. So a proffessional G.I. specialist is required to treat Plaintiff for his serious medical need.

58) A condition to which has been causing Plaintiff severe pain; that continues to develope and increase. The severe pain and discomfort has declined Plaintiff's qvality of life; by causing a decline in productivity, socialization, mobility and exercise. For Plaintiff is in so much severe pain he would rather lay in bed. This causes him depression and anxiety. To which causes Plaintiff emotional distress.

59) On March 26, 2023, Plaintiff submitted a medical kite to Defendant Parks stating that, "it has been six weeks since receiving the results of trace amounts of blood in my stool sample." "My symptoms have gotten worse to the point that some days I can't get out of bed." Plaintiff follows in clear frustration, "This type of negligence is vnprofessional and your constant delay in properly diagnosing

10

and treating me is a clear 8th Amendment violation." Plaintiff asks when will he see the G.I. Specialist?

60) Plaintiff receives a response from Defendant Parks stating, "First of all, I as a Nurse cannot diagnose any one. 2nd, we are not delaying anything, G.I. appointments take a few months to schedule, and lastly if you can't send a respectful kite, then don't expect an answer."

61) On July 8, 2023, Plaintiff submitted a medical kite to Defendant Hultenschmidt explaining that the Plaintiff has been made aware that he tested positive for trace amounts of blood in his stool. He states that it has been four months since he was told he would see a G.I. specialist and asks what day will he see a specialist. He also expresses that he is still suffering from swelling, pain and cramps in L.U.Q. to R.U.Q., trouble breathing and unusual stools. Plaintiff states that he has been dealing with these symptoms for 3 years.

62) Plaintiff receives a response from Defendant Hultenschmidt stating "your referral to the specialist was approved however the N.D.O.C. has not been able to find a provider who is seeing offenders. Unfortunately I have

2 P

no control over outside providers. We will
continue to seek specialty care for you
and you will be notified as soon as an
appointment has been secured."

63) On July 23, 2023, Plaintiff submitted an
Informal Grievance #20063155462 in an
attempt to seek a administrative remedy.
Attached to the Informal Grievance was
medical kites from 12/16/19, 8/7/22, 2/5/23,
3/26/23, 7/8/23 and a kite from 1/10/21
from Defendant Garrett. These kites were
included in order to clearly show the Medical
Department and L.C.C. staff have violated
Plaintiffs 8th Amendment right by cruel
and unusual punishment via deliberate
indifference to Plaintiff's serious medical needs.

64) In the Grievance Plaintiff states, "I have
been dealing with Gastro Intestinal problems
since 2019. I am constantly in severe pain
due to cramping and bloating in my abdomen,
shortness of breath, chest pain and irregular
bowel movements." It also refers to a medical
kite as evidentiary support that Plaintiff
was approved to see a G.I. specialist;
but the N.D.O.C. has been unable to find
a provider.

65) Plaintiff wants medical attention now because
the N.D.O.C. Medical Department is his only

20.

medical care provider and further delays could cause irreversable damage. Plaintiff quotes in Grievance "Please help me! This swelling I am experiencing is hindering my daily activities and severlly effecting my quality of life."

(66) Plaintiff's remedy sought was to immediately be sent to a G.I. specialist and get a clear diagnosis and specialist approved treatment plan. Plaintiff also sought monetary, compensatory and nominal damages-covered in the Administrative Claim form attached to the Grievance.

(67) On September 17, 2023, Plaintiff submitted a kite to the Medical Department regarding not receiving a response to the Informal Grievance #2006315546Z and that is has been over 45 days. Plaintiff quotes "Something is seriouslly wrong with me." Plaintiff pleads clearly in emotional distress, "The pain I am enduring is getting more severe and is seriouslly effecting my quality of life. Please give me the medical treatment needed to remedy my condition. Set my appointment for the G.I. specialist!"

(68) No response was ever received.

(69) On the same day of September 17, 2023, Plaintiff submitted a kite to the Grievance Coordinator stating "I am suffering." Plaintiff

2R

states that he has submitted several kites over this issue and that Grievance #20066155462 was submitted over 45 days ago. Plaintiff clearly pleads again in emotional distress, "something is seriously wrong with me." Plaintiff states he needs a G.I. specialist appointment, which he was already approved for "Previous kites were mentioned in the Grievance", was also stated.

70) No response was ever received for this kite.

71) After no response to the ~~Informal~~ Grievance #20063155462, Plaintiff submits the Grievance in the First Level on October 2, 2023, Plaintiff mentions in the Grievance the failure to respond to his Informal Grievance and also that he has yet to be seen by medical for a resolution of his medical condition. Plaintiff states his symptoms have gotten worse, and he continues to have blood in his stool. Plaintiff also mentions both kites that were sent on September 17, 2023 that were not responded to.

72) Plaintiff states in frustration, in the First level grievance that, "This lack of action by the medical department and other staff involved to adequately diagnose and treat my symptoms has resulted in deliberate indifference. No person should have to go through

25

these great lengths like I have to beg for medical attention to aid me in the suffering im going through."

73) After no response to the first level Grievance #2006315 5412 within the 45 day time line, Plaintiff submits the Grievance in the second level on December 21, 2023. Within the Grievance - Plaintiff states that the L.C.C. Medical Department and staff failed to properly diagnose Plaintiff and send him to an outside specialist proving a violation of his constitutional rights.

74) The violation mentioned was an Eighth Amendment cruel and unusual punishment violation, because prison officials are Deliberatly Indifferent to the need if they know of and disregard an excessive risk to an Inmates health.

75) Plaintiff quotes clearly in emotional distress; "Since 2019 my medical condition has worsened to the point that I have constant abdominal and chest pain." "I also continue to have visable blood in my stool." Plaintiff also mentions the medical kite filed in September with no response.

76) On January 17, 2024, Plaintiff received a response to the Informal Grievance #2006315 5412 from Defendant Hultenschmidt with a response stating "medical is working on scheduling you

to be seen by a doctor. I would also like to inform you that medical must triage, meaning medical must prioritize based on every patients acuity/condition and so chances of being on a waiting list is possible, but we assure you that your medical needs are not being ignored. Please be very patient with us and eventually you will be called accordingly."

77) The Grievance was denied.

78) On April 21, 2024, Plaintiff submits a kite to the Grievance Cordinator to inform that the second level grievance #20063155462 is over due and also requesting a response.

79) No response to the over due second level grievance was ever received after the additional 60 day timeline. Ending the Grievance process and the administrative remedy has been exausted.

80) On April 25, 2024, Plaintiff filed a kite to Defendant Parks in an attempt of resolving the matter of receiving care for Plaintiff's serious medical need. Plaintiff states that he has been approved over a year ago to be seen by a G.I. specialist and he was told over 3 months ago after filing a grievance that the Plaintiff would be seen by the specialist in about 6 weeks.

81) In over double that time - Plaintiff states in frustration and clear emotional distress, "I

2/1

am forced to suffer without proper care despite knowledge of my need to be treated." Plaintiff also expressed understanding in the Kite that it may be difficult to provide doctors, but "it's been far too long for me to be still in the same position."

82) Plaintiff asks (pleads) to the D.O.N., to please make sure that Plaintiff is scheduled to be treated soon. For Plaintiff quotes, "This is physically/mentally and emotionally draining. Please Help!'"

83) Plaintiff never received a response from Defendant Parks.

84) On October 18, 2024, Plaintiff received a response from the over due First Level Grievance #20063155462 from Defendant Parks. She denied the Grievance and stated, "We have no control over providers on the outside and if they or when they want to schedule inmates, we must follow their schedule. We have continued to send requests for an appointment and have not heard back, if you would like to see Dr. Marks again and discuss more labs, please turn in a Kite."

85) On December 12, 2024, Plaintiff received the overdue Second Level Grievance #20063155462. The respondent was Defendant Williams. The Grievance states "you were scheduled on

2/19/24 to go see the G.I. specialist;
however it was canceled due to safety
and security because you new about the
date you were going to see the specialist.
Numerous requests to the G.I. clinic were
sent but the N.D.O.C. scheduler was told
that the G.I. clinic is about a year
behind to see patients. We assure you that
the L.C.C. scheduler is doing her best to
get a schedule to see the G.I. specialist.
D.O.N. Parks or designee will inform you
if the schedule has been made."

86) The Grievance was considered resolved;
even though Plaintiff is still suffering from
his severe and serious medical condition. To
which causes Plaintiff pain on a regular
basis - continuing to lower the quality of his
life and causes him anxiety, depression and
emotional distress. The Plaintiff has also yet
to see the G.I. specialist.

87) Plaintiff was never aware of the appointment
that was scheduled on February 19, 2024 and
has not been re-scheduled since then.

2 W

**D.     CAUSE(S) OF ACTION**

**CLAIM 1**

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment</u>
<u>violation: cruel and unusual punishment, Deliberate Indifference to</u>
<u>serious medical need.</u>

2. **Claim 1.** Identify the issue involved. Check only one. State additional issues in separate claims.

☐ Basic necessities      ☑ Medical care      ☐ Mail

☐ Disciplinary proceedings    ☐ Exercise of religion      ☐ Property

☐ Access to the court      ☐ Excessive force by officer    ☐ Retaliation

☐ Threat to safety      ☐ Other: _____.

3. Date(s) or date range of when the violation occurred: <u>2/5/23, 7/8/23, 9/17/23 , 2/19/24,</u>
<u>1/17/24, 4/25/24 , 10/18/24, 12/12/24</u>

4. Supporting Facts: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

88) Plaintiff incorporates paragraph 1-87 as if fully described here in.

89) Plaintiff shows factually with evidentiary support that he has suffered from severe and progressive G.I. problems since 2019. Medical staff at L.C.C. and other Defendants are aware of Plaintiffs serious medical need.

90) This progressive, serious G.I. condition has continued to grow in pain and severity - to were Plaintiff has blood in his stool. Since approximately February of 2023, Plaintiff has been waiting to see a G.I. specialist.

91) The Defendants are aware of Plaintiff's condition and fail to act in responding to Plaintiff's serious medical need. To which continues to cause Plaintiff to suffer physically and mentally. This is also further-ering the risk of irreparable damage to plaintiff, for Plaintiff as an Inmate has no other option of

3

medical attention except through the N.D.O.C. and it's employees.

92) Plaintiff alleges that Defendant Parks, Marks, Hultenschmidt, Williams and John/Jane Does 1-10 are deliberately indifferent to Plaintiff for failing to act towards Plaintiffs' serious medical need. Acting with cruel and unusual treatment towards Plaintiff is violating his constitutional rights and effects public interest in a negative manner. Also causing pain, suffering and irreparable damage.

93) Plaintiff alleges Defendant Parks, Marks, Hultenschmidt, williams and John/Jane does 1-10 are deliberately indifferent to Plaintiff's serious medical need by failing to act due to monetary cost of a G.I. specialist and required treatment. Causing pain, suffering and irreparable damage to Plaintiff against public interest.

94) Plaintiff alleges Defendant Williams is deliberately indifferent to Plaintiff's serious medical need because as Medical Director for the N.D.O.C., he has the ability to ensure proper and adequate medical care is provided. But he does not act; causing the Plaintiff pain, suffering and irreparable damage. Acting with cruel and unusual punishment violating Plaintiff's constitutional rights and against public interest.

3A

**CLAIM 2**

1. State the constitutional or other federal civil right that was violated: *Eighth Amendment violation: Cruel and unusual punishment: Delay/Denial of adequate medical care.*

2. **Claim 2.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities          ☑ Medical care          ☐ Mail

   ☐ Disciplinary proceedings          ☐ Exercise of religion          ☐ Property

   ☐ Access to the court          ☐ Excessive force by officer          ☐ Retaliation

   ☐ Threat to safety          ☐ Other: _____

3. Date(s) or date range of when the violation occurred: *2/5/23, 7/8/23, 1/17/24, 2/19/24, 12/12/24, ongoing*

4. **Supporting Facts:** State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

   88) Plaintiff incorporates paragraphs 1-87 as if fully described here in.

   89) Plaintiff shows factually with evidentiary support that he is suffering because of a constant delay/denial of adequate medical care; for a severe and progressive medical condition that started in 2019. To which defendants have been made fully aware of during the course of time.

   90) Plaintiff has been waiting to see a G.I. specialist since approximately February of 2023; since it was discovered that Plaintiff had tested positive for trace amounts of blood in his stool.

   91) The reason Plaintiff was referred to an outside specialist is because of the L.C.C. medical department being incapable of providing a proper diagnoses for Plaintiff- for his serious medical condition. To which causes him to suffer and progressively get worse.

   92) Defendants claim Plaintiff did have an appointment

4

to see a G.I. specialist but the appointment
was canceled do to safety and security concerns
because Plaintiff was aware of the appointment.
Plaintiff was not and could not have been
aware of said appointment.

93) Defendants also stated that the G.I. clinic
is "about a year behind to see patients," so
plaintiff would continue to be delayed/denied
adequate medical care for possibly another year
to three years.

94) Plaintiff alleges Defendants Parks, Marks, Hultenschmidt,
Williams and John-Jane Doe 1-10 are delaying/
denying adequate medical care for his serious
medical need. Causing cruel and unusual punishment
toward plaintiff, violating his constitutional rights
and is against public interest. Causing pain,
suffering and irreparable damage to Plaintiff.

95) Plaintiff alleges Defendants Parks, Marks, Hultenschmidt,
Williams and John-Jane Doe 1-10 are delaying/
denying adequate medical care to plaintiff because
of the monetary cost of a G.I. specialist and
other required treatment. Causing pain, suffering
and irreparable damage to Plaintiff; violating his
constitutional rights and acting against public interest.

96) Plaintiff alleges Defendant Williams is Delaying/
Denying adequate medical care - although he has
the ability as Medical Director for N.D.O.C.
to ensure proper and adequate medical care

4A

is provided. This Delay/Denial violates Plaintiff's
constitutional rights and is against public interests-
Causing Plaintiff pain, suffering and irreparable
damage.

### E.   PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated?      ☐ Yes    ☑ No

2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?      ☐ Yes    ☑ No

3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"      ☐ Yes    ☐ No

### F.   REQUEST FOR RELIEF

I believe I am entitled to the following relief: A) A declaration that the facts and omission described here in violated Plaintiffs rights under the Constitution of the United States. B) Plaintiff claims that they are entitled to nominal damages in the amount of "10,000" dollars against each Defendant jointly and severally. C) Plaintiff claims that they are entitled to compensatory damages

   I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          _____
(name of person who prepared or helped            (signature of plaintiff)
prepare this complaint if not the plaintiff)

                                         01/10/25
                                         _____
                                              (date)

### ADDITIONAL PAGES

   You must answer all questions concisely in the proper space on the form.  Your complaint may not be more than 30 pages long.  It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

6

in the amount of "10,000" dollars against each Defendant jointly and severally.

D) Injunction relief following be provided by the N.D.O.C.

1.) Provinding a G.I. specialist to Plaintiff.

2) Plaintiff receive the treatment he is in need of.

3) That the Plaintiff be provided all care that is recommended by the G.I. specialist; with no interference.

E) Plaintiff's cost in this suit.

F) Any and all additional relief this court deems, just, proper and equitable.

GA