**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHNNY ESQUIVEL, | Case No.: 3:25-cv-00017-MMD-CSD |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 20 |
| KENNETH WILLIAMS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 20.) Plaintiff bases his motion on the fact that (1) he suffers from "headaches, vision disturbances, dizziness and pain which impede his ability to sit and write for lengthy periods of time," and (2) discovery has been "difficult – if not impossible due to Dr. Marks's recent termination." (*Id*. at 2, 3.)

While any *pro se* inmate such as Mr. Esquivel would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claim involved in this action is not unduly complex. Plaintiff's Complaint was allowed to proceed on the Eighth Amendment medical indifference claim about delay

diagnosing and treating Plaintiff's intestinal condition against Defendants Kenneth Williams, Erin Parks, D. Hultenschmidt, and Dana Marks. (ECF No. 3 at 11.) This claim is not so complex that counsel needs to be appointed to prosecute the case.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 20).

**IT IS SO ORDERED.**

Dated: January 9, 2026.

_____
Craig S. Denney
United States Magistrate Judge

3