**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHNNY ESQUIVEL,

    Plaintiff

v.

KENNETH WILLIAMS, et al.,

    Defendants

Case No.: 3:25-cv-00017-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 25, 26

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiffs' renewed motion for injunctive relief. (ECF Nos. 25, 26.) Defendants filed a response. (ECF Nos. 28, 30-1 to 30-3, 32, 34-1 to 34-3.) Plaintiff filed a reply. (ECF No. 37.) Pursuant to the court's order (ECF No. 41), Defendants filed a supplement (ECF No. 45, 45-1, 45-2).

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983.

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Kenneth Williams, Erin Parks, D. Hultenschmidt, and Dana Marks. Plaintiff alleges that he went months without a medical appointment and without additional testing and treatment despite notifying medical staff that his symptoms were worsening. Testing eventually showed trace

amounts of blood in Plaintiff's stool, and he was referred to a gastrointestinal specialist in July 2023. At the time he filed his complaint (on January 10, 2025), he had not seen the specialist. (ECF No. 3.) His motion for injunctive relief indicates he eventually saw two specialists— after considerable delay—and was ultimately diagnosed with mild gastritis as well as blood cancer. (ECF No. 3.)

Plaintiff has filed a motion for injunctive relief seeking an order that Defendants be required to provide him the treatment recommended by his specialists.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is

likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

According to Plaintiff, after 29 months of delay, he was seen by a specialist, Dr. Reddy, on May 7, 2025, who recommended an endoscopy. He had the endoscopy on September 3, 2025, and was informed he has mild gastritis and was prescribed Miralax and Metamucil. In addition, his labs showed high levels of platelets and a consultation with a hematologist was recommended. On October 22, 2025, he had a consultation with Dr. Bijjula. He returned to see Dr. Bijjula on November 6, 2025, and was diagnosed with blood cancer. Dr. Bijjula ordered an oral chemotherapy drug, Hydroxyurea, as well as an ultrasound, bone marrow biopsy, and weekly bloodwork to monitor his platelet levels. As of the filing of this motion, Plaintiff had not been given his the Miralax, Metamucil, or Hydroxyurea, and had not received the bone marrow biopsy, ultrasound, or bloodwork. He asks that Defendants be ordered to provide him with the recommended treatment.

4

In their response, Defendants contend that Plaintiff was ordered the prescription for Miralax and Hydroxyurea, he was awaiting scheduling for the bone marrow biopsy and ultrasound, and bloodwork was ordered to occur every one to two weeks. (ECF Nos. 30-1 at 3 (Miralax); ECF No. 30-2 at 3 (order for bone marrow biopsy); 30-1 at 4 (order for Hydroxyurea; 30-2 at 4 (order for ultrasound); and 30-3 at 2 (order for bloodwork every one to two weeks).) Defendants contend Plaintiff does not have a prescription for Metamucil. As such, they argue Plaintiff's request for injunctive relief is moot.

In his reply brief, Plaintiff acknowledges he received the Hydroxyurea and Miralax and had his bloodwork done, but as of March 3, 2026, he had not had the bone marrow biopsy or ultrasound, and he maintains he was also prescribed Metamucil.

In the supplemental records filed by Defendants, Plaintiff should have had his abdominal ultrasound as of the date of this Report and Recommendation, and his bone marrow biopsy is scheduled in the near future. (ECF No. 45-1.)[1]

Defendants also provided the record from Plaintiff's exam with Dr. Reddy on September 3, 2025, reflecting the diagnosis of mild chronic gastritis. Dr. Reddy noted thrombocytosis and indicated labs would be ordered and Plaintiff was referred to hematology. (ECF No. 45-2 at 7, 15.) There is no mention of either Miralax or Metamucil.

With the exception of the Metamucil, it appears that Plaintiff has received or will imminently receive the treatment he requests in his motion for injunctive relief. Plaintiff does not provide a record indicating that Dr. Reddy prescribed Metamucil and there is no indication that was the case in Dr. Reddy's record from his September 3, 2025, appointment. If Plaintiff

---

[1] For security reasons, the records indicating Plaintiff's appointment dates were filed under seal but not served on the Plaintiff.

believes he needs Metamucil in addition to Miralax, he can request to be seen by NDOC's medical department to discuss his concerns. Plaintiff's motion for injunctive relief, however, should be denied as moot as Plaintiff otherwise has or will be imminently receiving the treatment recommended by his specialists.[2]

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING AS MOOT** Plaintiff's motion for injunctive relief (ECF Nos. 25, 26).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 25, 2026

_____
Craig S. Denney
United States Magistrate Judge

---

[2] If it turns out that Plaintiff does not receive the abdominal ultrasound and biopsy as scheduled, he may renew this motion as to those components of his requested relief.