# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHNNY ESQUIVEL,

    Plaintiff

v.

KENNETH WILLIAMS, et al.,

    Defendants

Case No.: 3:25-cv-00017-MMD-CSD

**Order**

Re: ECF Nos. 42, 43, 46, 49

Plaintiff has filed four motions to compel discovery responses: (1) Parks' responses to interrogatories 1-14 (ECF No. 42); (2) Williams' responses to interrogatories 1-21 (ECF No. 43); (3) Parks' responses to requests for production 1-5 (ECF No. 46); and (4) Dr. Marks' responses to interrogatories 3-20 (ECF No. 49).

According to Plaintiff, he did not receive timely responses to any of these discovery requests, and his meet and confer correspondence to Senior Deputy Attorney General (DAG) Rands went unanswered.

In their response, Defendants acknowledge that the responses were untimely, but the responses have since been provided.[1] The only explanation given for the delay, however, pertains to difficulty in obtaining responses from Dr. Marks. (ECF Nos. 51, 52, 53, 54, corrected images at ECF Nos. 55, 55-1, 56, 56-1.) There is no reason given for the delay in responding to discovery served on Parks or Williams.

---

[1] Responses to interrogatories 1-14 served on Parks were mailed on February 26, 2026; responses to interrogatories 1-21 served on Williams were mailed on April 6, 2026; responses to requests for production 1-5 served on Parks were mailed either on February 26, 2026 (ECF No. 55 at 2:21-22 or March 24, 2026 (ECF No. 55 at 3:19-20); and responses to interrogatories 3-20 served on Dr. Marks were mailed on March 30, 2026.

DAG Rands asserts that he sent Plaintiff a letter advising him of the difficulty in obtaining responses from Dr. Marks. On February 3, 2026, DAG Rands sent Plaintiff a letter stating he was in receipt of Plaintiff's motion to compel discovery; that Dr. Marks was no longer employed by NDOC, and they were awaiting verification of the responses to interrogatories 1 and 2 from Dr. Marks. He also addressed the objections asserted to the responses to the requests for production. (ECF No. 55-1.) That letter, however, referred to a motion to compel filed by Plaintiff on January 26, 2026, concerning the first set of interrogatories (numbers 1 and 2)  and regarding requests for production served on Dr. Marks (ECF No. 23). The court held a hearing and granted that motion to compel. (ECF No. 39.)

Nowhere in the letter, however, did Mr. Rands request an extension of time to provide responses to subsequent discovery served by Plaintiff. Nor does it appear there was any other communication by Mr. Rands requesting an extension.

Instead, it appears that the responses were delayed, without explanation, and without requesting an extension. Nor did Mr. Rands respond to Plaintiff's meet and confer communications regarding the lack of responses to the discovery at issue in these motions.

The court is disappointed by both the failure to provide timely discovery responses and the lack of communication on the part of the Attorney General's Office both in response to Plaintiff's served discovery and his attempts to meet and confer to resolve these issues, which has needlessly necessitated the court's intervention.

The fact remains that the responses have been served, albeit untimely, and so there is nothing left to compel.[2] Plaintiff's motions only seek to compel discovery responses, and do not

---

[2] In his reply brief, Plaintiff takes issue with several of Williams responses to interrogatories (numbers 2, 12 and 20); however, Plaintiff does not include a declaration that he met and

seek the imposition of sanctions; therefore, the court will not impose sanctions as a result of Defendants' untimely responses. The Attorney General's Office is cautioned, however, that similar behavior in the future is likely to result in sanctions against the Defendants and counsel. Finally, the court notes that any objection not timely asserted in a response to an interrogatory is waived, unless excused for good cause. Fed. R. Civ. P. 33(b)(4).

**CONCLUSION**

Plaintiff's motions to compel (ECF Nos. 42, 43, 46, and 49) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 29, 2026

_____
Craig S. Denney
United States Magistrate Judge

conferred with Mr. Rands concerning these issues. Absent a proper meet and confer, those issues are not properly before the court.

3