**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHNNY ESQUIVEL,

Plaintiff

v.

KENNETH WILLIAMS, et al.,

Defendants

Case No.: 3:25-cv-00017-MMD-CSD

**Order**

Re: ECF Nos. 70, 73

Plaintiff has filed a motion to compel defendant Kenneth Williams to provide further responses to interrogatories 2, 12, and 20, though interrogatory 2 is no longer at issue. (ECF No. 70.) Defendants were granted an extension of time to file their response. (ECF No. 72.) Plaintiff then filed a motion to stay ruling on Defendants' pending motion for summary judgment until his motion to compel is resolved. (ECF No. 73.) Defendants filed a response to the motion to compel. (ECF No. 76.) Plaintiff filed a reply in support of his motion to compel. (ECF No. 77.) Defendants did not file a response to the motion to stay ruling on the motion for summary judgment pending resolution of the motion to compel.

## I. MOTION TO COMPEL

### A. Interrogatory 12

Interrogatory 12 asks Williams to describe in as much detail as possible why the contract between NDOC and Digestive Health Associates was terminated. Williams responded that he has no knowledge regarding the contract. (ECF No. 76-1 at 7.)

Plaintiff argues a further response is warranted because he finds it hard to believe that NDOC's medical director has no knowledge regarding a contract with a specialty provider.

Williams' response reiterates he has no knowledge regarding this contract.

The court cannot compel Williams to provide information that he does not have. If this matter proceeds to trial, Plaintiff is welcome to cross-examine Williams on this topic, but his answer may remain that he has no knowledge. Therefore, Plaintiff's motion to compel is denied as to interrogatory 12.

**B. Interrogatory 20**

Interrogatory 20 asks Williams to identify all members of the URP/URC (the Utilization Review Panel), along with their job titles. Williams responded that the URP is comprised of the providers for the NDOC. (ECF No. 76-1 at 8-9.)

Plaintiff contends this response is evasive. Plaintiff states this information is important because the URP members approve or deny Plaintiff's off-site medical appointments.

Williams argues that the response is accurate. He explains that providers available for the weekly review panel would make up the panel for a given week, and without knowing the date of the panel in question, it is impossible to name each person in attendance each week.

In his reply, Plaintiff argues that Williams refuses to admit that as Medical Director of NDOC, he is the chairperson of the URP. He provides a copy of NDOC Medial Directive 728 regarding the medical utilization management program.

The court agrees that Plaintiff's interrogatory 20 is vague and overbroad in that it does not specify a time period for which he seeks the identity of the members of the URP. Moreover, insofar as Plaintiff argues that Williams will not admit that he was the chairperson of the URP, that is not what interrogatory 20 asks of Williams. Finally, Plaintiff may rely on Medial Directive 728 which states that the Medical Director appoints the members of the URP and that

the Medical Director or his designee serves as an ex-officio member and chairperson of the committee.

For these reasons, Plaintiff's motion to compel a response to interrogatory 20 is denied.

## II. MOTION TO STAY RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff has agreed that Williams' supplemental response to interrogatory 2 is sufficient, but presents no specific argument as to how this supplemental response is necessary to oppose Defendants' pending motion for summary judgment. Plaintiff has filed his response to Defendants' motion, and none of his arguments hinges on Williams' licensure in the state of Nevada. In addition, the court has denied Plaintiff's motion to compel as to interrogatories 12 and 20. Therefore, Plaintiff's motion to stay resolution of the motion for summary judgment pending the outcome of his motion to compel is likewise denied.

## III. CONCLUSION

Plaintiff's motion to compel (ECF No. 70) is **DENIED**. Plaintiff's motion to stay resolution of the pending motion for summary judgment until there is a resolution of his motion to compel (ECF No. 73) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 12, 2026

Craig S. Denney
United States Magistrate Judge